**KIM, LIM & PARTNERS**
Joshua S. Lim, Esq.
460 Bergen Blvd., Suite 400
Palisades Park, NJ 07650
Tel.: (201) 585- 7400
Fax: (201) 585-7422
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HWANHEE KIM,<br><br>　　　　　　　Plaintiff,<br><br>　-against-<br><br>WEST LA INC. d/b/a Karaoke Boho, OK SOON LEE, and JIN SAP AN,<br><br>　　　　　　　Defendants. | Case No.:<br><br>CIVIL ACTION<br><br>COMPLAINT |

Plaintiff, HWANHEE KIM ("Plaintiff"), by and through her attorneys, Kim, Lim & Partners, upon their personal knowledge, and upon information and belief as to other matters, aver against Defendants, WEST LA INC.; OK SOON LEE; and JIN SAP AN (collectively, "Defendants"), as follows:

**NATURE OF THE ACTION**

1) Plaintiff brings this lawsuit as a non-exempt employee seeking recovery of unpaid overtime premium and minimum wage and liquidated damages therefor under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and their supporting rules and regulations.

2) Plaintiff brings this lawsuit also seeking recovery of unpaid spread of hours premium, liquidated damages therefor, and statutory damages for Defendants' violation of record-keeping and notice requirements under NYLL and its supporting regulations.

## PARTIES

3) Defendant West LA Inc. is a domestic corporation organized and existing under the laws of the State of New York.

4) Defendant West LA Inc. maintains a principal place of business at 186 West 4th Street, New York, New York 10014.

5) Defendant Ok Soon Lee ("Lee") is the chief executive officer of the corporate defendant.

6) Lee is an individual residing at 5025 Meadowbrook Circle, Suwanee, Georgia 30024.

7) Defendant Jin Sup An ("An") is the owner of West LA Inc. and fully operates the business.

8) Plaintiff Hwanhee Kim is an individual residing at 209 Union Street, Unit #9, Lodi, New Jersey 07644.

## JURISDICTION AND VENUE

9) This Court has subject matter jurisdiction over Plaintiff's claims under the FLSA pursuant to 28 U.S.C. §§ 1331 (federal question) and 1337.

10) This Court has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. 1367 (supplemental jurisdiction).

11) The venue is proper in the Southern District Court of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this district.

## DEFENDANT WEST LA INC.

12) Defendant West LA Inc. had the power to hire and fire Plaintiff.

13) Defendant West LA Inc. had the power to set wages of Plaintiff.

14) West LA Inc. had the power to control the work schedules and/or other conditions of employment of Plaintiff.

15) West LA Inc. knew or should have known the applicable laws and regulations regarding the payment of overtime premium, minimum wage, the spread of hours premium, and the notice requirements.

16) Notwithstanding, West LA Inc. willfully acted in violation of the requirements of the laws and regulations regarding the payment of overtime premium, minimum wage, the spread of hours premium, and the notice requirements.

<u>DEFENDANTS OK SOON LEE AND JIN SUP AN</u>

17) Defendant Lee is the chief executive officer, principal, or otherwise authorized representative of West LA Inc.

18) Defendants Lee and An had the power to hire and fire Plaintiff.

19) Defendants Lee and An had the power to set wages of Plaintiff.

20) Defendants Lee and An had the power to control the work schedules and/or other conditions of employment of Plaintiff.

21) Defendants Lee and An controlled the method of payments made to Plaintiff.

22) Defendants Lee and An held the power to sign company checks of West LA Inc.

23) Defendants Lee and An knew or should have known the applicable laws and regulations regarding the payment of minimum wage, overtime premium, the spread of hours premium, and the notice requirements.

24) Notwithstanding, Defendants Lee and An willfully acted in violation of the requirements of the laws and regulations regarding the payment of minimum wage, overtime premium, the spread of hours premium, and the notice requirements.

**THE CONDITIONS OF PLAINTIFF'S EMPLOYMENT**

25) Plaintiff was hired by Defendants on April 30, 2013, and was employed until March 1, 2025.

26) Beginning on April 30, 2013, through March 1, 2025, Plaintiff was employed by Defendants in the State of New York at West LA Inc., located at 186 West 4th Street, New York, NY 10014.

27) Since Plaintiff's employment with Defendants, Plaintiff never received any wage notice setting forth the following information:

    (a) The rate or rates of pay and basis thereof, whether the employee is paid by the hour, shift, day, week, salary, piece commission, or other;

    (b) Allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

    (c) The regular payday designated by the employer;

    (d) The name of the employer;

    (e) Any "doing business as" names used by the employer;

    (f) The physical address of the employer's main office or principal place of business and a mailing address if different; and

    (g) The telephone number of the employer.

28) Beginning on April 30, 2013, through about June 21, 2020, Plaintiff worked as "manager", while receiving an hourly wage of $4.00 per hour plus tips. Defendants paid Plaintiff a sub-minimum hourly rate purportedly as a "tipped" rate. Defendants failed to provide the written notices and wage statements required to lawfully claim any tip credit under New York law.

29) Beginning on or about June 21, 2020, Plaintiff's hourly wage increased to $10.00 per hour plus tips.

30) Plaintiff, however, is not a tipped employee and never received any statutory notices required for tipped employees.

31) During the entire period of Plaintiff's employment with Defendants, Plaintiff was scheduled to work either from 4:00 PM through 12:00 AM or 8:00 PM through 4:00 AM from Tuesday through Saturday. On many workdays, Plaintiff's workday began hours before her scheduled shift due to required errands and supply runs, and extended after her scheduled shift due to closing, cleaning, and administrative work. Accordingly, on numerous days the spread of hours between the beginning and end of Plaintiff's workday exceeded ten (10) hours.

32) During the course of Plaintiff's employment, Defendants scheduled Plaintiff for approximately forty (40) hours per week. However, Defendants regularly required Plaintiff to work additional hours beyond her scheduled shifts, including time spent performing errands, purchasing supplies, transporting inventory, and performing other work-related tasks outside of the workplace and outside of her scheduled hours. As a result, Plaintiff regularly worked in excess of forty (40) hours per week, often totaling approximately sixty (60) hours per week.

33) Specifically, Plaintiff was instructed to use her personal vehicle for trips to Restaurant Depot, suppliers, Home Depot, and dollar stores, regardless of the day of the week.

34) Regardless of whether the Plaintiff had a scheduled day off, she was instructed to use her personal vehicle to transport inventory from a warehouse located at 730 Grand Avenue, Ridgefield, NJ 07657 to Manhattan.

35) On average, beginning in April 2013, through the last day of her employment, Plaintiff was required to work approximately 60 or more hours per week.

36) During Plaintiff's employment with Defendants, Plaintiff never received minimum wage or any premium for overtime hours for her work hours in excess of forty (40) hours per week.

## FIRST CAUSE OF ACTION
### FLSA: UNPAID OVERTIME PREMIUM

37) Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

38) At all relevant times, Defendants were engaged in commerce or the production or sale of goods for commerce, within the meaning of 29 U.S.C. §§ 201, *et seq.*

39) At all relevant times, Defendants were joint employers of Plaintiff as defined under 29 U.S.C. §§ 201, *et seq.*

40) During Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff the required overtime premium at a rate not less than one and one-half (1 1/2) times the regular rate or the applicable minimum wage as required under 29. U.S.C. § 207(a)(1).

41) Defendants' failure to pay Plaintiff the applicable overtime premium was willful within the meaning of 29 U.S.C. § 255(a).

42) As a result of Defendants' failure to pay, Plaintiff suffered damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### NYLL: UNPAID OVERTIME PREMIUM

43) Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

44) At all relevant times, Defendants were Plaintiff's joint employers within the meaning of N.Y. Lab. Law § 651(6).

45) At all relevant times, Plaintiff was Defendants' employee within the meaning of N.Y. Lab. Law § 651(5).

46) During Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff the applicable overtime premium at the rate of one and one half (1.5) times the regular rate as required under 12 N.Y.C.R.R. § 142-2.2.

47) Defendants' failure to pay Plaintiff the applicable overtime premium was without a good faith basis to believe that Defendants were in compliance with the law, within the meaning of N.Y. Lab. Law § 663.

48) As a result of Defendants' failure to pay, Plaintiff suffered damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
FLSA: UNPAID MINIMUM WAGE VIOLATION

49) Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

50) At all relevant times, Defendants were joint employers of Plaintiff as defined under 29 U.S.C. §§ 201, *et seq.*

51) Defendants failed to pay Plaintiff the minimum wage to which she was entitled to under 29 U.S.C. § 206.

52) Defendants' failure to pay Plaintiff minimum wage was willful within the meaning of 29 U.S.C. § 255(a).

53) As a result of Defendants' failure to pay, Plaintiff suffered damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
NYLL: UNPAID MINIMUM WAGE VIOLATION

54) Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

55) At all relevant times, Defendants were Plaintiff's joint employers within the meaning of N.Y. Lab. Law § 651(6).

56) At all relevant times, Plaintiff was Defendants' employee within the meaning of N.Y. Lab. Law § 651(5).

57) Defendants failed to pay Plaintiff the minimum wage to which she was entitled under N.Y. Lab. Law § 663.

58) Defendants willfully violated NYLL by knowingly and intentionally failing to pay Plaintiff minimum hourly wage.

59) As a result of Defendants' willful violations, Plaintiff suffered damages in amounts to be determined at trial and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgement interest, and attorneys' fees and costs of this action.

**FIFTH CAUSE OF ACTION**
NYLL: WAGE NOTICE VIOLATION

60) Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

61) At all relevant times, Defendants were Plaintiff's joint employers within the meaning of N.Y. Lab. Law § 651(6).

62) At all relevant times, Plaintiff was Defendants' employee within the meaning of N.Y. Lab. Law § 651(5).

63) During Plaintiff's employment with Defendants, Defendants failed to provide to Plaintiff a wage notice containing the information listed and as required under N.Y. Lab. Law § 195(1)(a).

64) Plaintiff may each recover in this action damages of fifty dollars ($50) for each workday she was not provided with the notice, but not to exceed a total of five thousand dollars ($5,000) each, together with costs and reasonable attorney's fees, as provided for under N.Y. Lab. Law § 198(1-b).

65) As a result of Defendants' notice violations, Plaintiff may recover five thousand dollars ($5,000), plus costs and reasonable attorney's fees.

### SIXTH CAUSE OF ACTION
NYLL: WAGE STATEMENT VIOLATION (N.Y. Lab. Law § 195(3))

66) Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

67) During Plaintiff's employment, Defendants failed to furnish Plaintiff with accurate wage statements with each payment of wages, containing all required information, including the dates of work covered by the payment, rate(s) of pay, gross wages, deductions, allowances, and net wages, in violation of N.Y. Lab. Law § 195(3).

68) As a result, Plaintiff is entitled to statutory damages of up to five thousand dollars ($5,000), together with costs and reasonable attorneys' fees pursuant to N.Y. Lab. Law § 198(1-d).

### SEVENTH CAUSE OF ACTION
NYLL: UNPAID SPREAD OF HOUR PREMIUM

69) Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

70) At all relevant times, Defendants were Plaintiff's joint employers within the meaning of N.Y. Lab. Law § 651(6).

71) At all relevant times, Plaintiff was Defendants' employee within the meaning of N.Y. Lab. Law § 651(6).

72) During Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff the applicable spread of hours premium for each day where the spread of hours, as defined in N.Y.C.R.R. § 142-2.4, exceeded 10, as required under the same provision.

73) Defendants' failure to pay Plaintiff the applicable spread of hours premium was without a good faith basis to believe that Defendants were in compliance with the law, within the meaning of N.Y. Lab. Law § 663.

74) As a result of Defendants' failure to pay, Plaintiff suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

(a) Declaration that Defendants' practices complained herein were unlawful practices;

(b) Declaration that each and every Defendant are individually, jointly, and severally liable for each of their violations of Fair Labor Standards Act, the New York Labor Law, and regulations promulgated under these statutes;

(c) Declaration that Defendants' violations of the Fair Labor Standards Act were willful within the meaning of 29 U.S.C. § 255(a);

(d) Declaration that Defendants are liable to Plaintiff for unpaid overtime premium and minimum wage pursuant to the Fair Labor Standards Act and its supporting regulations;

(e) Declaration that Defendants are liable to Plaintiff for unpaid overtime wage and minimum wage pursuant to the New York Labor Law and the Minimum Wage Order for Miscellaneous Industries and Occupations;

(f) Declaration that Defendants' violations of the New York Labor Law were willful and without a good faith basis to believe that Defendants were in compliance with the law, within the meaning of NY Lab. Law § 663;

(g) Declaration that Defendants are liable to Plaintiff for the unpaid spread of hours premium under the New York Labor Law and the New York Hospitality Industry Wage Order;

(h) Declaration that Defendants are liable to Plaintiff for liquidated damages in the amount equal to one hundred percent (100%) of the total underpayment found to be due under the FLSA and NYLL and their supporting regulations, including premium and unpaid spread of hours premium;

(i) Declaration that Plaintiff is entitled to collect five thousand dollars ($5,000) for Defendants' failure to provide wage notices as required under the New York Labor Law and its supporting regulations;

(j) Declaration that Plaintiff is entitled to collect five thousand dollars ($5,000) for Defendants' failure to provide wage notices as required under the New York Labor Law and its supporting regulations;

(k) Declaration that Plaintiff is entitled to collect reasonable attorney's fees and costs incurred in this litigation from Defendants;

(l) Declaration that Plaintiff is entitled to collect prejudgment interest;

(m) Declaration that Plaintiff is an employee of one or more of Defendants;

(n) Such other statutory and equitable relief as this Court shall deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated:   Palisades Park, New Jersey    **KIM, LIM & PARTNERS**
January 16, 2026

Joshua S. Lim
By: *s/ Joshua S. Lim*
460 Bergen Blvd., Suite 400
Palisades Park, New Jersey 07650